**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOANNA BENTHALL, | **Civil Action No. _____** |
| *Plaintiff*, | |
| v. | |
| NEW JERSEY TRANSIT, EASTON COACH COMPANY, NEW JERSEY TRANSIT ACCESS LINK, ADA PARATRANSIT, LYFT, JOHN DOE 1-10 AND ABC 1-10, | **NOTICE OF REMOVAL** |
| *Defendants.* | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE** that Defendant Easton Coach Company ("Defendant") hereby removes the state court action captioned: *Joanna Benthall v. New Jersey Transit et al.*, Docket No. HUD-L-512-25, filed in the Superior Court of New Jersey, Law Division, Hudson County, and all claims and causes of action therein, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

**I.    REMOVAL JURISDICTION**

1.    This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1331 because this Court has original jurisdiction over all claims arising under the law of the United States.

2.    Defendant's alleged violation of the Americans with Disabilities Act ("ADA") constitutes a claim being brought under the laws of the United States. Federal question jurisdiction exists over Plaintiff's claims because the resolution of Plaintiff's claims will require the

adjudication of a disputed question of federal law.

3.      Accordingly, this action presents claims arising under the law of the United States, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1331.

4.      Removal to the United States District Court for the District of New Jersey is proper pursuant to 28 U.S.C. §§ 1391 and 1446(a).

## II.    RELEVANT PROCEDURAL FACTS

5.      On February 6, 2025, Plaintiff Joanna Benthall ("Plaintiff") filed a Complaint in the Superior Court of New Jersey, Law Division, Hudson County, captioned: *Joanna Benthall v. New Jersey Transit et al.*, Docket No. HUD-L-512-25 (the "State Action").  Plaintiff alleges claims under the New Jersey Law Against Discrimination and the Americans with Disabilities Act.

6.      On March 14, 2025, counsel for Defendant Easton Coach Company accepted service of Plaintiff's Complaint.

7.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of "all process, pleadings, and orders served upon" Defendant is attached to this Notice of Removal as **Exhibit A**.

8.      No proceeding has been held in the State Action since Plaintiff filed her Complaint.

## III.   TIMELINESS AND CONSENT OF REMOVAL

9.      This removal is timely under 28 U.S.C. § 1446(b) in that it is being filed within 30 days of Defendant's execution of the stipulation accepting service of the Complaint. *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period begins to run upon service of the Summons and Complaint); *Joshi v. KMart Corp.*, No. 06-5448, 2007 WL 2814599, at \*3 (D.N.J. Sept. 25, 2007) (holding that "the removal period ... was triggered when service was properly effectuated upon Defendant's counsel, as evidenced by the execution and return of the Acknowledgement of Service ....").

10.     All properly served Defendants consent to removal pursuant to the unanimity rule. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) ("federal law requires that "all [defendants] must join in the removal petition").

### IV.     VENUE

11.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place in which the state-court case is pending.  This is a civil suit brought in New Jersey state court.  The action is currently pending in Hudson County, New Jersey and, accordingly, under 28 U.S.C. § 110, the United States District Court for the District of New Jersey is the proper forum for removal because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

### V.     JURISDICTION

12.     This Court has original jurisdiction over this action under 28 U.S.C. § 1331 and it may be removed to this Court under 28 U.S.C. § 1441 and 1446.  In accordance with 28 U.S.C. § 1331, this Court has jurisdiction over all claims arising under the laws of the United States.

13.     The merits of the Complaint turn on a substantial federal issue that is an essential element of Plaintiff's cause of action, namely, whether Defendant violated the Americans with Disabilities Act ("ADA").  *See Merrell Dow Pharm, Inc. v Thompson*, 478 U.S. 804, 808 (1986) (ruling that in determining whether a case arises under federal law, courts are instructed to look to the Plaintiff's 'well-pleaded complaint'); *Gull v First Nat'l bank in Meridian*, 299 U.S. 109, 113 (1936).

14.     The other bases for relief asserted by the Plaintiff in this action all arise out of the same set of facts and are part of the same case and controversy, so that this court has supplemental jurisdiction of them within the meaning of 28 U.S.C. § 1367(a). Therefore, this is an action over

which this court would have had jurisdiction had it been filed initially in this court, and removal to this court is proper under 28 U.S.C. § 1441(c).

## VI.    NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL

15.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the District of New Jersey, a written notice of the removal will be provided by the undersigned to Plaintiff's counsel of record, Yasmin Estrella, Esq. of Estrella Law, LLC and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Hudson County, as required by 28 U.S.C. § 1446(d).  The notice provided to the Superior Court of New Jersey is attached hereto as **Exhibit B**.

## VII.    CONCLUSION

16.    For the reasons described above, Plaintiff's claim is properly removable under 28 U.S.C. § 1441(a) and (b).  Accordingly, Defendant respectfully requests that the above-entitled action now pending against it in the Superior Court of New Jersey, Law Division, Hudson County be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**
*Attorneys for Defendant Easton Coach Company*

By: */s/ Michael S. Hanan*
         Michael S. Hanan, Esq.
         Mallory J. Benner, Esq.
290 W Mt. Pleasant Avenue, Suite 3310
Livingston, New Jersey 07039
Phone No.: (973) 549-2500
Fax No.: (973) 377-1911
Email: mhanan@grsm.com
         mbenner@grsm.com

Dated: April 11, 2025

4