# EXHIBIT A

YASMIN ESTRELLA, ESQ.
Atty. Id. No. 293142019
ESTRELLA LAW, LLC
1 Marine Road - Suite 207A
North Bergen, New Jersey 07047
Tel. (201) 681-2735
Email   YASMIN@ESTRELLALAWOFFICE.COM
            legal@estrellalawoffice.com
Attorney for Plaintiff Joanna Benthall

| | |
|---|---|
| Joanna Benthall<br><br>Plaintiff<br><br>V.<br><br>New Jersey Transit<br>Easton Coach Company<br>New Jersey Transit Access Link<br>ADA Paratransit<br>Lyft<br>John Doe 1-10<br>ABC 1-10<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION- HUDSON COUNTY<br><br>DOCKET No. HUD- L-<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND,<br>DESIGNATION OF TRIAL COUNSEL,<br>DEMAND FOR INSURANCE COVERAGE<br>POLICY** |

I, Yasmin Estrella, Esq. attorney for the plaintiff by way of complaint against the defendants' state and says:

## THE PARTIES

1. Plaintiff, Joanna Benthall, is a blind individual residing in Jersey City, New Jersey. She relies on paratransit services for transportation to attend social activities, shopping, medical visits, and other essential tasks.

2. Defendant, New Jersey Transit owns the Access Link ADA paratransit services.

3. Defendant, Easton Coach Company operates Access Link ADA paratransit services.

1

4. Defendant New Jersey Transit Access Link is a shared ride service providing door-to-door transportation for individuals with disabilities who cannot use the regular public transportation system.

5. Defendant ADA Paratransit Service manages and operates transportation services for New Jersey Transit Access Link.

6. Defendant Lyft, Inc. is a transportation network company operating under contract with New Jersey Transit Access Link to transport individuals with disabilities.

7. Defendant John Doe 1-10 represents unknown individuals, including the Lyft driver who refused Plaintiff's scheduled ride on April 16, 2024.

8. Defendant ABC Entities 1-10 represents unknown entities that may be liable for the events described herein.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to the New Jersey Constitution and N.J.S.A. 10:5-1 et seq.

10. Venue is proper in Hudson County, as the Plaintiff resides within its jurisdiction.

## NATURE OF THE ACTION

11. This action arises out of unlawful disability discrimination under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJ LAD"), and the Americans with Disabilities Act ("ADA"). Plaintiff, a legally blind individual, seeks redress for the discrimination she faced from Defendants in denying her reasonable access to transportation services due to her disability.

2

## FACTUAL BACKGROUND

12. On April 13, 2024, Plaintiff scheduled a round-trip ride through Access Link, with transportation from Jersey City, NJ, to Nutley, NJ, and a return trip home.

13. On April 16, 2024, Access Link informed Plaintiff that her transportation would be handled through its partnership with Defendant Lyft.

14. While the initial trip to Nutley proceeded without incident, Plaintiff's return journey became a distressing and humiliating ordeal.

15. Plaintiff was notified via her mobile device that Defendant John Doe had arrived. Using her mobility cane, she approached the vehicle, confirmed that John Doe was her assigned driver, and attempted to open the door.

16. However, as she reached for the handle, Defendant John Doe abruptly shut the door and began questioning whether Plaintiff's friends would also be traveling with her. Plaintiff clarified that they were not, assuming he was merely verifying her reservation details.

17. Upon arrival at the pickup location, Defendant Lyft driver John Doe, who had been assigned to transport Plaintiff, refused to provide her with the contracted service.

18. When the defendant, Lyft driver John Doe, arrived at plaintiff's location, plaintiff's cellphone notified her that the driver was outside, so she could approach the vehicle using her mobility cane.

19. After confirming that Lyft Driver John Doe was the plaintiff's assigned driver, the plaintiff attempted to open the door to enter. At that moment, the defendant, Lyft Driver John Doe abruptly shut the door and questioned whether plaintiff's friends were also

3

traveling with plaintiff. Plaintiff informed defendant Lyft Driver John Doe that they were not, assuming he was verifying plaintiff's reservation details.

20. Defendant John Doe repeatedly referred to her as "handicapped" and stated that he did not want to be responsible for transporting Plaintiff. He further asserted that Lyft did not compensate him adequately to "handle" passengers like Plaintiff.

21. Defendant John Doe then claimed that, because he was operating his personal vehicle, he had the right to refuse service to anyone—including Plaintiff—because of her disability. He explicitly stated that Lyft could not dictate whom he allowed in his car and that he "would not be responsible for no blind person."

22. Despite Plaintiff's repeated attempts to explain that Lyft was contractually obligated to provide accessible transportation through New Jersey Access Link, Defendant John Doe ignored her and refused to provide service.

23. Instead, he attempted to cancel the ride and, in a reckless and dangerous act, began to drive away while Plaintiff was still standing in the street next to his vehicle.

24. Recognizing the imminent danger to Plaintiff, her friend's mother intervened, pleading with Defendant John Doe to at least wait until Plaintiff had safely reached the sidewalk before leaving. Yet, Defendant John Doe ignored this request and drove off, coming alarmingly close to striking Plaintiff as he sped away.

25. Shaken, humiliated, and in distress, Plaintiff reached safety but soon broke down in tears, overwhelmed by the discriminatory and degrading treatment she had just endured.

26. As a result of the defendant's failure to provide services, Plaintiff had to obtain the services of her friend for a ride back to her home.

4

27. As a result of Defendant John Doe's blatant discrimination, Plaintiff suffered severe emotional and psychological distress, embarrassment, and humiliation. Defendant John Doe's refusal to transport her—solely because of her disability—constitutes clear and unlawful discrimination.

28. The plaintiff has been subjected to suffer emotional and psychological distress and harm, embarrassment, and humiliation.

29. A transportation network company shall provide a transportation network company driver with information on accessibility compliance for persons with disabilities, including information about accommodating a rider with a disability, as set forth in § 39:5H-15(d)

30. The defendants New Jersey Access Link ADA Paratransit partnership with defendant Lyft should ensure that the services provided to people with disabilities such as the plaintiff should be qualified to render the service for which contracted riders are solicited for.

**COUNT I**

**DISABILITY DISCRIMINATION**

**UNDER N.J.S.A. 10:5-1 ET SEQ.**

31. Plaintiff incorporates by reference all preceding paragraphs.

32. Defendants violated the NJ LAD by discriminating against Plaintiff based on her disability. Specifically, Defendant Lyft driver refused to provide contracted service, used offensive and derogatory language, and refused to transport Plaintiff due to her blindness.

33. Plaintiff was denied the service of the scheduled ride in violation of § 39:5H-15(d).

34. As a result of the Defendants' discriminatory actions, Plaintiff has suffered emotional and psychological distress, embarrassment, humiliation, and harm.

5

**WHEREFORE**, the plaintiff demands judgment against any and all of the defendants, jointly, and individually, for harm, and suffered as a result of Defendants' disability discrimination in violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1.et seq. As follows, an award of compensatory damages, including but not limited to, consequential damages, punitive damages, emotional distress damages, equitable relief, prejudgment interest, attorney's fees, and costs of suit.

## COUNT II

### FAILURE TO MAKE A REASONABLE ACCOMMODATION

35. Plaintiff incorporates by reference all preceding paragraphs.

36. Under the NJ LAD, Defendants were required to provide reasonable accommodations to Plaintiff, including ensuring transportation was available to her.

37. Defendants' failure to provide a reasonable accommodation for Plaintiff's disability, particularly by allowing Defendant Lyft driver to refuse service and create unsafe conditions, constitutes a violation of the NJ LAD.

38. The defendants failure to make a reasonable accommodation to plaintiff based on her disability constitutes a violation of the NJ LAD.

39. The conduct of the defendants was initial, unlawful, malicious, egregious, reckless, and done with the specific intent of injuring the plaintiff.

40. As a result of the defendants' conduct, plaintiff has suffered and continues to suffer damages and is entitled to recovery compensatory damages.

**WHEREFORE**, the plaintiff demands judgment against any and all of the defendants, jointly, and individually, for harm, and suffered as a result of Defendants' disability discrimination in violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1.et seq. As follows, an

6

award of compensatory damages, including but not limited to, consequential damages, punitive damages, emotional distress damages, equitable relief, prejudgment interest, attorney's fees and costs of suit.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff incorporates by reference all preceding paragraphs.

42. The aforementioned conduct by the defendants constitute intentional infliction of emotional distress towards the plaintiff.

43. The conduct of Defendants, particularly Defendant Lyft driver, was intentional, malicious, and egregious, and was done with the purpose of inflicting emotional distress upon Plaintiff.

44. As a result of the defendants' conduct, the plaintiff has suffered and continues to suffer damages and is entitled to revolver compensatory damages.

**WHEREFORE**, the plaintiff demands judgment against any and all of the defendants, jointly, and individually, for harm, and suffered as a result of Defendants' disability discrimination in violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1.et seq. As follows, an award of compensatory damages, including but not limited to, consequential damages, punitive damages, emotional distress damages, equitable relief, prejudgment interest, attorney's fees and costs of suit.

## COUNT III

### NEGLIGENT  INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff incorporates by reference all preceding paragraphs.

7

46. Defendants owed Plaintiff a duty of care to provide safe, accessible, and reasonable transportation services.

47. Defendants breached this duty by allowing Defendant Lyft driver to refuse service and create a dangerous situation for Plaintiff, including driving off in a reckless manner, putting her safety at risk.

48. Defendants also failed to ensure that their contracted drivers were adequately trained to comply with anti-discrimination laws and accommodate passengers with disabilities. This failure directly contributed to the discriminatory and harmful conduct Plaintiff experienced.

49. As a direct and foreseeable result of Defendants' negligence, Plaintiff suffered severe emotional distress, including anxiety, humiliation, and psychological trauma. The distress was further exacerbated by the fear and helplessness she experienced during the incident.

**WHEREFORE**, the plaintiff demands judgment against any and all of the defendants, jointly, and individually, for harm, and suffered as a result of Defendants' disability discrimination in violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1.et seq. As follows, an award of compensatory damages, including but not limited to, consequential damages, punitive damages, emotional distress damages, equitable relief, prejudgment interest, attorney's fees and costs of suit.

**COUNT V**

**NEGLIGENCE**

50. Plaintiff incorporates by reference all preceding paragraphs.

51. Defendants had a duty to ensure that the transportation services provided to individuals with disabilities were safe, accessible, and in compliance with all relevant laws.

8

52. Defendants negligently failed to oversee the services provided by Lyft, allowing Plaintiff's safety to be compromised and exposing her to undue emotional distress.

53. As a direct result of Defendants' negligence, Plaintiff suffered harm, including emotional and psychological distress, humiliation, and distress.

**WHEREFORE**, the plaintiff demands judgment against any and all of the defendants, jointly, and individually, for harm, and suffered as a result of Defendants' disability discrimination in violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1.et seq. As follows, an award of compensatory damages, including but not limited to, consequential damages, punitive damages, emotional distress damages, equitable relief, prejudgment interest, attorney's fees and costs of suit.

<u>**COUNT VI**</u>

<u>**(VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 ET SEQ.)**</u>

25. Plaintiff incorporates by reference all preceding paragraphs.

26. Defendants are public accommodations or entities subject to the ADA.

27. Defendants denied Plaintiff equal access to transportation services based on her disability, in violation of the ADA.

**WHEREFORE**, the plaintiff demands judgment against any and all of the defendants, jointly, and individually, for harm, and suffered as a result of Defendants' disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101.et seq. As follows, an award of compensatory damages, including but not limited to, consequential damages, punitive

9

damages, emotional distress damages, equitable relief, prejudgment interest, attorney's fees and costs of suit.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein pursuant to R. 1:8-2(b) and R. 4:35-1(a).

Dated: 02/6/2025              /s/ Yasmin Estrella
                                    Yasmin Estrella, Esq.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

PURSUANT TO R 4:41-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or inter alternative state, under oath, certification " (a) policy number, (b) name and address of insurer, ( c)  inception and expiration date, (d) names and addresses of all person insured thereunder, (e) personal injury limits, (f) property damage limits, and (b) medical payment limits.

Dated: 02/6/2025              /s/ Yasmin Estrella
                                    Yasmin Estrella, Esq.

## DESIGNATING ATTORNEY

Yasmin Estrella, Esq. is hereby the designating attorney for the plaintiff

Dated: 02/6/2025              /s/ Yasmin Estrella
                                    Yasmin Estrella, Esq.

10

**CERTIFICATION PURSUANT R 4:5-1**

I certify that there are no other suits, actions, arbitration, or legal proceedings in any other court of law involving the same parties and issues and none other contemplated. I also certify that all parties and issues have been joined.

*/s/ Yasmin Estrella*
Yasmin Estrella, Esq.

**CERTIFICATION PURSUANT R 1:38-7(c)**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

*/s/ Yasmin Estrella*
Yasmin Estrella, Esq.

**NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE**

Please be advised and notice that the Defendants should refrain from destroying, disposing, or altering any potential evidence in its possession, which would relate in any way to this matter.  Please also be advised and noticed that this includes any and all electronic records, including but not limited to the hard drives on any and all computers and/or servers. To that end:

A. The Defendant(s) should not initiate any procedures, which would alter any active, deleted, or fragmented files. Such procedures may include, but are not limited to: storing (saving) newly created files to existing drives and diskettes; loading new software, such as application programs; running data and compression and disk defragmentation (optimization) routines; or the use of utility programs to permanently wipe files, disks, or drives.

11

B. The Defendant(s) should stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data. Backup tapes and disks should be pulled from their rotation queues and be replaced with new tapes.

C. The Defendants should not alter and/or erase active cs, deleted files, or hie fragments, on any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

D. The Defendant(s) should not dispose of any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

_/s/ Yasmin Estrella_
Yasmin Estrella, Esq.

12

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-000512-25

**Case Caption:** BENTHALL JOANNA  VS NEW JERSEY TRANSIT

**Case Initiation Date:** 02/06/2025

**Attorney Name:** YASMIN ESTRELLA

**Firm Name:** YASMIN ESTRELLA, ESQ

**Address:** 1 MARINE RD STE 207A
NORTH BERGEN NJ 07047

**Phone:** 2016812735

**Name of Party:** PLAINTIFF : Benthall, Joanna

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES – 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Joanna Benthall? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** YES
> **If yes, please identify the requested accommodation:**
> BRAILLE

**Will an interpreter be needed?** NO
> **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/06/2025
Dated

/s/ YASMIN ESTRELLA
Signed

Michael S. Hanan, Esq. (Attorney ID: 005282002)
Mallory Benner, Esq. (Attorney ID: 304672019)
**GORDON REES SCULLY MANSUKHANI LLP**
290 W. Mt. Pleasant Avenue, Suite 3310
Livingston, New Jersey 07039
Telephone: 973-549-2500
Facsimile: 973-377-1911
Email: mhanan@grsm.com
      mbenner@grsm.com
*Attorneys for Defendants New Jersey Transit and Easton Coach Company*

| | |
|---|---|
| JOANNA BENTHALL,<br><br>      *Plaintiff,*<br><br>  v.<br><br>NEW JERSEY TRANSIT, EASTON COACH COMPANY, NEW JERSEY TRANSIT ACCESS LINK, ADA PARATRANSIT, LYFT, JOHN DOE 1-10 AND ABC 1-10,<br><br>      *Defendants.* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY<br><br>DOCKET NO.: HUD-L-512-25<br><br>CIVIL ACTION<br><br>**STIPULATION EXTENDING TIME TO ANSWER OR OTHERWISE PLEAD** |

**IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiff Joanna Benthall ("Plaintiff") and Defendants New Jersey Transit and Easton Coach Company ("Defendants"), by and through their undersigned counsel, that the time for Defendants to answer or otherwise respond to Plaintiff's Complaint in this action is extended through and including May 17, 2025.

**IT IS STIPULATED AND AGREED**, Defendant Easton Coach Company has accepted service of Plaintiff's Complaint on March 14, 2025;

**IT IS HEREBY FURTHER STIPULATED AND AGREED**, that this Stipulation may be signed in counterparts and that electronic signatures will be deemed to have the same effect as an original signature and will be acceptable for purposes of the within Stipulation.

*[Signatures on the following page]*

**CONSENTED TO BY:**

**ESTRELLA LAW, LLC**

By: _Yasmin Estrella_

Digitally signed by Yasmin Estrella
DN: cn=Yasmin Estrella, c=US,
ou=Estrella Law Firm, LLC,
email=yasmin@estrellalawoffice.com
Date: 2025.03.17 13:35:39 -04'00'

Yasmin Estrella, Esq.

1 Marine Road- Suite 207A
North Bergen, NJ 07047
Phone: (201) 681-2735
Email: yasmin@estrellalawoffice.com
*Attorneys for Plaintiff*
Dated: March ___, 2025

**GORDON REES SCULLY MANSUKHANI, LLP**

By: _/s/ Michael S. Hanan_

Michael S. Hanan, Esq.
Mallory Benner, Esq.
290 W Mt. Pleasant Avenue, Suite 3310
Livingston, NJ 07039
Phone: (973) 549-2500
Email: mhanan@grsm.com
         mbenner@grsm.com
*Attorneys for Defendants New Jersey Transit and Easton Coach Company*
Dated: March 17, 2025

2

JOANNA BENTHALL

Plaintiff

vs

NEW JERSEY TRANSIT, ET AL

Defendant

20250210093524

Superior Court Of New Jersey

HUDSON Venue

Docket Number: HUD  L 512 25

**Person to be served** (Name and Address):
LYFT
820 BEAR TAVERN ROAD
WEST TRENTON  NJ  08628
**By serving:** LYFT

**Attorney:** YASMIN ESTRELLA, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, DEMAND, CERTIFICATION, NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE

# AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

| **Service Data:** | [X] Served Successfully | [ ] Not Served |
| --- | --- | --- |

Date/Time:    2/10/2025 1:18 PM    _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

SCOTT KUNTZ _____

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX: M    AGE: 36-50   HEIGHT: 5'9"-6'0"    WEIGHT: 161-200 LBS.    SKIN: WHITE    HAIR: BROWN   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:        Date/Time: _____
                          Date/Time: _____
                          Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this

10th day of February, 2025

Notary Signature _____

Rosemary Ramos          September 25th, 2028
Name of Notary          My Commission Expires

I, JANE NUNN,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____        02/10/2025
Signature of Process Server          Date

Name of Private Server: JANE NUNN  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

JOANNA BENTHALL

Plaintiff

vs

NEW JERSEY TRANSIT, ET AL

Defendant

20250210092926

Superior Court Of New Jersey

HUDSON Venue

Docket Number: HUD  L 512 25

**Person to be served** (Name and Address):
NEW JERSEY TRANSIT
1 PENN PLAZA E.
NEWARK  NJ  07102
**By serving:** NEW JERSEY TRANSIT

**Attorney:** YASMIN ESTRELLA, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, DEMAND, CERTIFICATION, NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**     [X] Served Successfully          [ ] Not Served

 Date/Time:       2/11/2025 11:57 AM         _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

 Name of Person Served and relationship/title:

MS WILIANSON

CUSTODIAN OF RECORDS

**Description of Person Accepting Service:**

SEX: F    AGE: 21-35   HEIGHT: 5'4"-5'8"    WEIGHT: 131-160 LBS.    SKIN: BROWN    HAIR: BLACK    OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                            Date/Time: _____
                            Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this

 11th day of February, 2025

Notary Signature_____

Rosemary Ramos          September 25th, 2028
Name of Notary          My Commission Expires

I, VICTOR RODRIGUEZ,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____    02/11/2025
Signature of Process Server          Date

Name of Private Server: VICTOR RODRIGUEZ  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952